United States District Court
Southern District of Texas
**ENTERED**
July 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BERT D. CROSS, JR, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:24-cv-03582 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MORTGAGEIT INC and | § | |
| WILMINGTON TRUST | § | |
| CO, | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Bert D. Cross, Jr, proceeds here *pro se*. He filed a complaint against MortgageIT, Inc, and Wilmington Trust Co for numerous alleged violations. Dkt 1. These include breach of contract, fraudulent misrepresentation, securities fraud, negligence, improper transfer and assignment, filing fraudulent documents, breach of the duty of good faith and fair dealing, negligent misrepresentation, unjust enrichment, wrongful foreclosure, and violations of the Texas Property Code, the Texas Business and Commerce Code, the Real Estate Settlement Procedures Act, the Truth in Lending Act, the Fair Debt Collection Practices Act, New York Trust Law, the Uniform Commercial Code, and the Racketeer Influenced and Corrupt Organizations Act. Id at 6, 11–21.

Plaintiff previously brought two *ex parte* applications for a temporary restraining order seeking to enjoin Defendants from foreclosing on his home. Dkts 7 & 16. Both were denied because Plaintiff failed to establish a sufficient basis as to why he should be able to seek such extraordinary relief *ex parte*. Dkts 8 & 20.

The matter was referred to Magistrate Judge Peter Bray. Dkt 21. He issued a Memorandum and Recommendation on May 29, 2025, in which he recommended that a pending motion to dismiss by MortgageIT be denied. Dkt 56. He also recommended that a motion by Plaintiff to strike also be denied. Ibid at 3.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Neither party filed an objection. No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 56.

The motion to dismiss is DENIED. Dkt 30.

The motion to strike is DENIED. Dkt 45

SO ORDERED.

Signed on July 2, 2025, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge