United States District Court
Southern District of Texas

**ENTERED**

September 27, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| BERT D. CROSS-VESSEL, JR, Plaintiff, | § | CIVIL ACTION NUMBER 4:24-cv-03582 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MORTGAGEIT, INC, *et al*, Defendants. | § | |

**ORDER ADOPTING**
**MEMORANDUM AND RECOMMENDATION**

Plaintiff Bert D. Cross, Jr, proceeds here *pro se*. He and his wife executed a home mortgage loan in September 2005. Dkt 1 at 2. He brings an action to quiet title and additional claims for damages, seeking to halt the impending foreclosure of the mortgaged property. He alleges in that regard that the subject loan was "wrongfully placed" in the "MortgageIT Trust 2005-5" in violation of federal and state law. Ibid. He asserts that by placing the loan in such trust, Defendants broke the chain of title and rendered the mortgage unenforceable, meaning that Defendants lack standing to pursue foreclosure. Ibid.

PHH Mortgage Corporation is the current loan servicer, and The Bank of New York Mellon Trust Company is the current loan owner after assignment in 2014. They intervened even though not originally sued as defendants. Dkts 31 & 42. They then filed counterclaims, seeking to quiet title and a declaratory judgment. Dkt 43.

The subject loan has been through prior litigation. The Crosses filed for Chapter 13 bankruptcy in the United States Bankruptcy Court for the Southern District of Texas in 2014 and were discharged from such proceedings in

2019. See *In re Cross*, 14-bk-34308 (Bankruptcy SD Tex). Plaintiff then initiated an adversary proceeding related to the bankruptcy action against PHH and NewRez, LLC, which focused on the Crosses' alleged default on the loan and attempted foreclosure on the property as a result of that default. See *Cross v NewRez*, 4:20-ap-03494 (Bankruptcy SD Tex), Dkt 1. Bankruptcy Judge Jeffrey Norman entered summary judgment against Plaintiff upon determination that (i) the Crosses failed to provide evidence that the defendants there were violating the discharge injunction, and (ii) the record undermined assertions by the Crosses that they had timely paid all of their post-discharge payments. *NewRez*, Dkt 52. The Crosses didn't appeal that decision.

Pending are cross-motions for summary judgment. Dkts 90 & 108. Intervenors maintain that all of Plaintiff's claims are barred by *res judicata*, given summary judgment in the adversary proceeding noted above. In the alternative, they argue that each of Plaintiff's claims fail on the merits. Dkt 90 at 10–19. They also contend that they're entitled to summary judgment on their affirmative claims to quiet title and for declaratory judgment. Id at 17–19. By contrast, Plaintiff contends that the subject loan was "never validly conveyed into any securitization trust," thus rendering the entire security void and undermining any present attempt by Intervenors to foreclose on his home. Dkt 108 at 1.

The matter was referred for disposition to Magistrate Judge Peter Bray. Dkt 21. He recommends that the motion by Intervenors be granted because (i) Plaintiff's claims are barred by *res judicata*, and (ii) in any event, such claims fail on their merits. Dkt 114 at 14–24. He also recommends granting the request by Intervenors for declaratory judgment and ordering Plaintiff to withdraw his notice of *lis pendens*. Id at 23–24.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir

1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed objections. Dkt 115. His objections are predicated in the main on new evidence absent from the summary judgment record. For example, he submits for the first time Harris County property records, which he asserts demonstrate that the 2014 assignment wasn't properly recorded. Id at 7–9. He maintains that this undermines the *res judicata* determination, because if Bank of New York Mellon isn't a proper mortgagee, it wouldn't be in privity with the parties in the adversary proceedings for purposes of *res judicata*. Id at 10–11. He also submits "newly identified evidence," which he asserts defeats Intervenors' standing to enforce the loan. Id at 18–22. And he contends that consideration of such evidence at this stage is appropriate. Id at 19–23. He also maintains that the Magistrate Judge erred by dismissing his entire complaint with prejudice without accounting for his second-lien claims against *John Doe* Defendants. Id at 17–18.

Upon *de novo* review and determination, Plaintiff's objections lack merit.

*As to consideration of new evidence*, the Fifth Circuit holds that a court should consider several factors in deciding whether to accept additional evidence after a magistrate judge's recommendation has been issued, being (i) "the moving party's reasons for not originally submitting the evidence," (ii) "the importance of the omitted evidence to the moving party's case," (iii) "whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion," and (iv) "the likelihood of unfair prejudice to the non-moving party if the evidence is accepted." *Performance Autoplex II Ltd v Mid-Continent Casualty Co*, 322 F3d 847, 862 (5th Cir 2003).

Upon consideration of these factors, the newly presented evidence is properly disregarded. Plaintiff states in his declaration that he "did not possess, and could not have obtained, certified copies of Exhibits 0150–0153 before July 14, 2026, because [he] did not request them from Harris County Clerk's Office until that date." Dkt 115 at 34–35. Notably lacking is any explanation as to why he requested such documents only *after* issuance of the Memorandum and Recommendation adverse to his position. Such conduct runs contrary to the Fifth Circuit's admonition that "[l]itigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman v County of Bexar*, 142 F3d 848, 852 (5th Cir 1998).

In addition, such evidence isn't important or reliable and is highly prejudicial, for reasons stated in the Intervenors' response. Dkt 117 at 7–10. In sum, Plaintiff initiated this action almost two years ago but now seeks to treat summary judgment before the Magistrate Judge as a mere test run by introducing new evidence and arguments that could have been raised during the underlying briefing. Such conduct cannot be tolerated.

*As to the second lien claims against John Doe Defendants*, Plaintiff requests that such claims be remanded to the Magistrate Judge for further proceedings, including identification and service of the *John Doe* Defendants. Dkt 115 at 17–18. To the contrary, to the extent that title is quieted as to the first-lien holder Bank of New York, as determined in the Memorandum and Recommendation, Plaintiff cannot obtain any quiet-title relief against a junior lien holder, such as the *John Doe* Defendants. These second-lien claims necessarily fail on that basis.

The objections fail to otherwise demonstrate any error by the Magistrate Judge.

No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

* * *

The objections by Plaintiff Bert D. Cross, Jr, to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 115.

The Memorandum and Recommendation is ADOPTED as the Memorandum and Order of this Court. Dkt 114.

The motion by Intervenors PHH Mortgage Corporation and The Bank of New York Mellon Trust Company for summary judgment is GRANTED. Dkt 90.

The motion by Plaintiff Bert D. Cross, Jr, for summary judgment is DENIED. Dkt 108.

All claims by Plaintiff against all Intervenors and Defendants are DISMISSED WITH PREJUDICE. Dkt 83.

The request by Intervenors for quiet title and declaratory judgment is GRANTED. Dkt 90 at 19.

Plaintiff is ORDERED to immediately withdraw, terminate, release, and disclaim his notice of *lis pendens*.

A final judgment will issue separately.

SO ORDERED.

Signed on September 25, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge